UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x   **NOT FOR PUBLICATION**

In re:

    Hanna Uzielly Silber,                      :         Chapter 13
                                        :         Case No. 08-40000 (MG)

                 Debtor.     :

------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN HER CHAPTER 13 CASE

*A P P E A R A N C E S*:

Earl A. Rawlins, Esq.
103 East 125th Street
Suite 602
New York, NY 10035
*Counsel for the Debtor*

**MARTIN GLENN,**
**United States Bankruptcy Judge**

       Hanna Silber (the "Debtor") filed a motion to reopen her bankruptcy case, to reinstate the automatic stay against Emigrant Savings Bank ("Emigrant"), to set aside a stipulation of settlement executed by the parties, and to conduct a reasonableness hearing concerning legal fees claimed by Emigrant in the case ("Motion"). Debtor moves to reopen the case under Section 350(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9024. For reasons explained below, the Motion is denied.

### JURSIDICTION

       The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

1

**BACKGROUND**

Debtor filed her voluntary petition in this Chapter 13 case on April 16, 2008 (ECF # 1). Emigrant filed a proof of claim in the amount of $117,757.50 based on money loaned and secured by the shares and proprietary lease of Debtor's cooperative apartment, designated Unit 6-K, 340 East 93rd Street a/k/a 1781 First Avenue, New York, NY 10128. Emigrant's claim included legal fees in the net amount of $89,414.53, which were incurred in the course of many years of prepetition state-court litigation between the Debtor and Emigrant.

In February or March, 2009, the Debtor and Emigrant signed a stipulation of settlement ("Stipulation"), purporting to resolve all outstanding issues, but the agreement quickly fell apart. The Stipulation was never so-ordered by the Court. Debtor's case was dismissed on March 6, 2009 for failure to make timely payments (ECF # 44). On April 1, 2009, Emigrant sold Debtor's shares at a public auction ("Sale") for the sum of $285,000.00. (*See* Notice of Sale, attached as Exhibit D to the Motion.) The Sale closed on April 17, 2009.

In the Motion and supporting affidavit by Debtor's attorney, Earl A. Rawlins, Esq., Debtor objects to Emigrant's claim for legal fees in her prior bankruptcy case. She further contends that the Sale was invalid because she failed to receive adequate notice and because the sale price was allegedly under market value. Additionally, she indicates that she stands ready to tender the sum of $28,947.25 to Emigrant and includes with the Motion a copy of a cashier's check in this amount payable to Emigrant.

**DISCUSSION**

**I.     Debtor's Dismissed Case May Not Be Reopened Pursuant to Section 350(b)**

2

The Debtor moves to reopen the case under Bankruptcy Code § 350(b). Section 350(b) provides as follows:

> (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b). A case cannot be reopened unless it was closed pursuant to § 350(a) of the Code after the estate was administered. *See In re Income Property Builders, Inc.*, 699 F.2d 963 (9th Cir. 1982); *Singleton v. Countrywide Home Loan, Inc. ( In re Singleton),* 358 B.R. 253 (D.S.C. 2006); *In re King*, 214 B.R. 334 (Bankr. W.D. Tenn. 1997). A case that is dismissed is not deemed closed and therefore cannot be reopened under § 350(b). *See Income Property Builders*, 699 F.2d at 965 ("An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing."); *Singleton,* 358 B.R. at 257 (finding that a bankruptcy court erred when it "reopened" the debtor's dismissed case pursuant to § 350(b))("Case closing is a concept distinct from case dismissal."). On March 6, 2009, the Court entered an Order dismissing Debtor's case for failure to timely make plan payments (ECF # 44). Therefore, Debtor's case was not closed within the meaning of § 350 and cannot be reopened by its authority.

Even assuming that § 350(b) applies in this case, the Debtor has failed to demonstrate grounds for relief because the Debtor has not shown "cause" to reopen the case. *See In re Salvador Rosillo*, Memorandum Decision and Order Denying Debtor's Motion to Reopen His Chapter 7 Case and Convert to Chapter 13 (07-11103 (MG)) (ECF

3

# 23), *aff'd*, Order (Chin, J., 07-CV-7872) (*see* 07-11103, ECF # 28) (desire to reinstate the automatic stay, alone, does not constitute cause to reopen a case under § 350(b)).

### II.     Debtor Has Failed to Demonstrate Grounds for Relief from the Dismissal Order Pursuant to Rule 9024

The Debtor also moves to reopen the case under Federal Rule of Bankruptcy Procedure 9024.  A debtor may seek relief from a dismissal order only by filing an appeal or a motion under Federal Rules of Bankruptcy Procedure 9023 or 9024.  9 COLLIER'S ON BANKRUPTCY ¶ 350.03 (15th ed. 2009).  Federal Rule of Bankruptcy Procedure 9024, which implements Federal Rule of Civil Procedure 60, permits a court to reconsider a final order based upon mistake, surprise, excusable neglect, newly discovered evidence, fraud, or other grounds.  A motion for relief from an order under Rule 60(b) is addressed to the discretion of the court.  11 MOORE'S FEDERAL PRACTICE § 2857 (2d ed. 1995).  In turn, the standard of review for denial of a motion for reconsideration under Rule 60 is abuse of discretion.  10 COLLIER'S ¶ 9024.01; *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC),* 330 F.3d 111, 123 (2d Cir. 2003).

Debtor's case was dismissed for failure to make timely plan payments.  In her moving papers and affidavit, Debtor does not maintain that her case was dismissed due to mistake, inadvertence, surprise, excusable neglect, or fraud by any party.  Likewise, the Debtor fails to present any fresh evidence supporting reconsideration.  Instead, in her Motion, Debtor merely rehashes her objection to Emigrant's claim for legal fees in her prior bankruptcy case, and contests the validity of the Stipulation and foreclosure sale.  These issues do not create grounds upon which a court may revisit a dismissal order pursuant to Rule 9024.  Likewise, the desire to reinstate the automatic stay does not support Rule 9024 relief.  *See Rosillo*, Memorandum Decision at 3 ("Unfortunately,

4

seeking to reopen a case to obtain the protections of the automatic stay does not satisfy any of the standards set forth in Bankruptcy Rule 9024."). Finally, Debtor's financial ability to pay off part of Emigrant's claim post-foreclosure fails to justify reconsideration.

## CONCLUSION

For the foregoing reasons, the Debtor's motion to reopen her chapter 13 bankruptcy case is DENIED.

DATED:   New York, New York
         June 10, 2009

                                        **/s/Martin Glenn**
                                        MARTIN GLENN
                            United States Bankruptcy Judge